CT Corporation

**Service of Process Transmittal**
02/09/2016
CT Log Number 528615371

TO:     Christine Taenzer
        Suburban Propane L.P.
        240 State Route 10, PO Box 206
        Whippany, NJ 07981-2105

RE:     **Process Served in Texas**

FOR:    Suburban Propane, L.P.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANK ROBERTS, Pltf. vs. SUBURBAN PROPANE, L.P., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, First Set of Production of Documents, Request(s), First Interrogatories |
| **COURT/AGENCY:** | Natchitoches County Court - State of Texas, TX<br>Case # CV1613669 |
| **NATURE OF ACTION:** | Employee Litigation - Defendant's Violation of Fair Labor Standard Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/09/2016 postmarked on 02/05/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Bob Whitehurst<br>5380 Old Bullard Road, Suite 600, #363<br>Tyler, TX 75703<br>903-593-5588 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/09/2016, Expected Purge Date: 02/14/2016<br><br>Image SOP<br><br>Email Notification, Christine Taenzer  ctaenzer@suburbanpropane.com<br><br>Email Notification, Pina Barry  PBARRY@SUBURBANPROPANE.COM<br><br>Email Notification, Paul Abel  pabel@suburbanpropane.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





**JUNE CLIFTON**
COUNTY CLERK
NACOGDOCHES COUNTY
101 WEST MAIN, SUITE 110
NACOGDOCHES, TEXAS 75961



UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 008.11⁰
0000250122   FEB 05  2016
MAILED FROM ZIP CODE 75961

Suburban Propane LP: CT Corporation system
1999 Bryan St., Ste 900
Dallas, Texas 75201-3136

## CITATION

THE STATE OF TEXAS

NOTICE TO THE DEFENDANT:      "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition,  a default judgment may be taken against you."

TO:    SUBURBAN PROPANE, L.P                                    Defendant in the hereinafter
       REGISTERED AGENT: CT CORPORATION SYSTEM
       1999 BRYAN ST., STE.900                                  styled and numbered cause
       DALLAS, TX 75201-3136

 You are hereby commanded to appear before the County Court at Law of Nacogdoches County,  Texas,  to be held at the Courthouse of said County in the City of Nacogdoches, Nacogdoches County,  Texas,  by filing a written answer to the petition of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof a copy of which accompanies this citation,  in cause number **CV1613669,** styled:

FRANK ROBERTS                                                   Plaintiff
vs
SUBURBAN PROPANE, LP                                           Defendant

Said Plaintiff's Petition was filed in said court the  29th day of  January A.D. 2016  by  BOB WHITEHURST address being   5380 OLD BULLARD RD, SUITE 600, #363   TYLER, TEXAS 75703
Witness JUNE CLIFTON, County Clerk of the County Court at Law of Nacogdoches County, Texas.

Issued and given under my hand and seal of said Court at office in Nacogdoches, TX, this the  05th day of February A.D.  2016.

JUNE CLIFTON, Clerk of Court                                   JUNE CLIFTON, County Clerk of
101 W. Main, Room 110                                          Nacogdoches County, Texas
Nacogdoches, TX  75961
                                                               By
                                                                                        Deputy

### CLERK'S CERTIFICATE

        I do hereby certify that a true copy of this citation with copy of petition attached thereto, was mailed to within named defendant by certified  United States mail,  return receipt requested on the  05th  day of February A.D.  2016.

                                                               JUNE CLIFTON, Clerk
                                                               Nacogdoches County Court at Law
                                                               By
                                                                                        Deputy

CV1613669

Nacogdoches County - County Clerk

Filed 1/29/2016 3:30:15 PM
June Clifton
County Clerk
Nacogdoches County, TX

Geovanna Reyes

CAUSE NO. CV1613669

| | | |
|---|---|---|
| **FRANK ROBERTS** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **SUBURBAN PROPANE, L.P.** | § | **NACOGDOCHES COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, FRANK ROBERTS, complaining of SUBURBAN PROPANE and for cause

of action would show the Court as follows:

I.

Plaintiff, FRANK ROBERTS, is an is a citizen of the United States and a resident of the

State of Texas.  Defendant is SUBURBAN PROPANE, who may be served with process by and

through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX

75201-3136 USA

II.

This case is a Level 2 under the Discovery Control Plan, pursuant to Rule 190.1.

III.

Plaintiff was an employee of Defendant in Nacogdoches County, Texas.  Plaintiff worked

off the clock for defendant, with the knowledge of Defendant, for which Plaintiff was not paid

wages.

Due to the extremely heavy workload placed on Plaintiff and others by the Defendant,

plaintiff was often required to work extra hours that he was not paid for.  In addition Plaintiff is due

"on call" pay.

**PLAINTIFF'S ORIGINAL PETITION**
**Page 1**

Plaintiff complained about not being paid correctly, and was terminated soon thereafter.

IV.

Plaintiff is an employee, and Defendant is an employer, as those terms are defined in the Fair Labor Standards Act, Title 29, Sections 201-219, of the United States Code. Plaintiff's principal activities while employed by Defendant were in commerce and the production of goods for commerce or working for an enterprise engaged in commerce or the production of goods for commerce, as defined in the Fair Labor Standards Act.

V.

The acts of defendant in terminating Plaintiff after he complained of not being paid correctly demonstrate knowing, willful and reckless disregard for the FLSA and blatant retaliation in in violation of 29 U.S.C. Section 215(a)(a) regarding retaliatory discharge. Plaintiff seeks compensatory damages, liquidated damages and punitive damages.

VI.

It is necessary for Plaintiff to have the services of an attorney to institute and prosecute this action against Defendant. Plaintiff is entitled to recover attorney's fees, which are a reasonable charge for the services rendered in bringing this action. In the event of an appeal to the court of appeals, Plaintiff would further be entitled to seek reasonable attorney's fees; in the event of an appeal to the Supreme Court, Plaintiff would be entitled to an additional reasonable attorney's fees.

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff seeks:

**PLAINTIFF'S ORIGINAL PETITION**
**Page 2**

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;

2. Judgment against Defendant that its violation of the FLSA were willful and without good faith basis or belief that they were acting properly;

3. An equal amount to the overtime wage damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. Judgment against Defendant for the damages the Plaintiff incurred due to the retaliatory conduct described above and, if applicable, an award of exemplary damages for such conduct;

6. All costs and attorney's fees incurred prosecuting these claims;

RESPECTFULLY SUBMITTED

/s/ Bob Whitehurst

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
State Bar #21358100

**PLAINTIFF'S ORIGINAL PETITION**
**Page 3**

CV1613669

Nacogdoches County - County Clerk

Filed 1/29/2016 3:30:15 PM
June Clifton
County Clerk
Nacogdoches County, TX

Geovanna Reyes

CAUSE NO. CV1613669

| | | |
|---|---|---|
| **FRANK ROBERTS** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **SUBURBAN PROPANE, L.P.** | § | **NACOGDOCHES COUNTY, TEXAS** |

### PLAINTIFF'S FIRST SET OF PRODUCTION OF DOCUMENTS TO DEFENDANT

To: SUBURBAN PROPANE, who may be served with process by and through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA

You are hereby requested pursuant to the Texas Rules of Civil Procedure to make available to Plaintiff FRANK ROBERTS, at the office of counsel BOB WHITEHURST, 5380 Old Bullard Road, Suite 600, #363, Tyler, Texas 75703, for the purpose of inspecting, photographing, and copying, no later than 9:00 a.m. following the expiration of FIFTY (50) days after service of this request, the items enumerated below.

For purposes of this production request, the following definitions apply.

### DEFINITIONS AND INSTRUCTIONS

A. This request for documents is addressed to Defendant, its officers, executives, directors, managers, supervisors, agents or attorneys. If the requested documents are known to Defendant to exist, but are not in the possession, custody or control of Defendant, its officers, executives, directors, managers, supervisors, agents or attorneys, Defendant shall so indicate or produce documents that show the name of the person or entity having custody of such documents and the location of the documents.

B. The term "document" as used in these requests includes "document" as defined in Texas Rules of Civil Procedure, and includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written or produced

by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: computer tapes, disks, drums, memory cores, or other computer media; computer printouts or other lists; itineraries; correspondence; communication of any nature; telegrams; memoranda including internal memoranda and memoranda to the file; notebooks of any character; charts; summaries or records of personal conversations; notes of telephone conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; written statements; affidavits; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts, or translations of any document; tape recordings; dictation recordings and belts; videotapes; data compilations; or all tangible items. Any document with marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. "Document" also includes any copy of an original document if the original is unavailable.

C.      As used in these requests, "you" or "Defendant" refer to Suburban Propane  or all of its predecessor or successor companies and to each person who, with respect to the subject matter of the request, was or is acting on its behalf, including any consultants, experts, investigators, agents or other persons acting on its behalf.

D.      As used in these requests, "person" shall mean and include a natural person, political subdivision, individual, partnership, firm, corporation, or any kind of business, or legal

entity, its agents or employees.

    E.    As used in these requests, "employee" shall mean any person employed by Defendant in a managerial, supervisory or non-supervisory position.

    F.    As used in these requests, "relate to" shall mean refers or pertains to, reflects, is in any way logically or factually connected with or may afford any information regarding or concerning the matters discussed.

    G.    By "personnel file" is meant not only applications for employment, evaluations, and all documents commonly kept in some central place or file and called by that name or something similar, but also such documents as memoranda and letters exchanged with the person and those exchanged with other persons but relating to the person; position or job description; correspondence with any state employment commission and correspondence with any other state employment service relating to the person; records of oral and other discipline accorded the person; records of all communications with other employers relating to the person; polygraph examination results and reports relating to the person; investigative files and reports relating to or substantially relating to the person; employee benefits designation forms; forms indicating person to contact in an emergency; and all other documents relating to or substantially relating to the person.

    H.    As used in these requests, "Employee Relations Department" "Human Resource Department" or "Personnel Department" shall mean any department charged with overseeing employee relations, including, but not limited to, relations between employees and supervisors, employment discrimination complaints or issues relating to compensation or other terms, conditions or privileges of employment.

    I.    Definition of "identify" when referring to a natural person, document or writing,

or an organization, corporation or business entity as defined in Plaintiff's First Interrogatories are incorporated by reference to these requests for production of documents.  Definition of the terms "Causes of action in question", failure to pay overtime wages, and "or" as defined in Plaintiff's First Interrogatories are incorporated by reference to these requests for production of documents.

J.      If any document responsive to any request has been lost, mutilated or destroyed, so state and identify each such document, provide the date the document was lost, mutilated or destroyed, and state to which request(s) the document would have been responsive.

K.      If there are no documents in your possession, custody or control which are responsive to a particular request, so state and identify such request.

L.      If any document falling within any description contained in any of the following requests is withheld under claim of privilege, Defendant as part of its response shall serve upon the undersigned attorney for Plaintiff a written list of the withheld documents, including the following information as to each such item: (1) its date; (2) the name(s) of the person(s) who drafted, authored or prepared it; (3) the document's title; (4) the name(s) of the person(s) to whom it was addressed or intended; (5) its subject matter; (6) the name of each person to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (7) a statement of the ground or grounds on which each such document is considered to be privileged from production.

M.      All requests for documents are continuing in nature so as to require Defendant seasonably to supplement or amend its responses thereto in accordance with the Texas Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.     Provide all documents which relate in any way to any denial of Defendant listed in its Answer.

RESPONSE:

2.     Provide all documents which relate in any way to any affirmative defense of Defendant listed in its Answer.

RESPONSE:

3.     Provide all documents which relate in any way to any factual or legal defense that Defendant anticipates raising at trial.

RESPONSE:

4.     Provide the most current resume or curriculum vitae of any individual that Defendant in any way expects to be a a consulting expert on whose opinion a testifying expert has or will rely, or an occurrence witness for Defendant.

RESPONSE:

5.     Provide all reports or documents prepared by or relied on, in forming his or her expert opinion, by a consulting expert witness whom Defendant has hired to consult relating to any allegation at issue in this lawsuit.

RESPONSE:

6.     Provide the complete personnel file of any individual employed at any time by Defendant or any related company to the Defendant that Defendant in any way expects to be a witness for Defendant or whom Defendant has identified as having knowledge regarding this lawsuit in its Initial Disclosure.

RESPONSE:

7.     Provide the complete personnel file of all employees who were employed in the position of (same position as plaintiff) at any time during the period January 1, 2013 to the present.

RESPONSE:

8.     Provide the complete personnel file of all individuals that were paid the same as plaintiff, at the facility at which Plaintiff was employed by Defendant.

RESPONSE:

9. Provide the complete personnel file of all managerial employees with supervisory authority or responsibility over (same/similar position as plaintiff) in the Nacogdoches area from January 1, 2013 to the present, including but not limited to (replacement).

RESPONSE:

10. For the period January 1, 2013, to the present provide copies of all job descriptions and all documents listing or relating to job requirements for the following positions: (a) (plaintiff's position); (b) (plaintiff's supervisor's position); (c) (plaintiff's 2nd level supervisor's position); (d) Regional Human Resource Manager; (e) Division Human Resource Manager; (f) all other managerial positions with supervisory authority or responsibility over (plaintiff's position); and (g) personnel managers with supervisory authority or responsibility for Defendant's Tyler, Texas place of business.

RESPONSE:

11. Provide a copy of all documents of Defendant applicable to its Nacogdoches, Texas office containing any of its equal employment opportunity policies or policies related to the prevention of unfair wages which were in effect at any time from January 1, 2013 to the present.

RESPONSE:

12. Provide a copy of all documents of Defendant applicable to its Nacogdoches, Texas office containing any of its policies regarding overtime wages.

RESPONSE:

13. Provide a copy of all charges of failure to pay overtime wages filed with any state of Federal Agency against the Defendant

RESPONSE:

14. Provide a copy of all complaints and all settlement documents relating to any and all lawsuits which have been filed against the Defendant alleging a violation failure to pay overtime wages.

RESPONSE:

15. Provide copies of any documents relating to any investigations of accusations of failure to pay overtime wages from January 1, 2013 to the present.

RESPONSE:

16. Provide documents relating to any disciplinary action, reprimand or admonishment administered to any employee, manager or supervisor of Defendant as a result of complaints of failure to pay overtime wages.

RESPONSE:

17. All documents constituting the personnel file of FRANK ROBERTS, including, but not limited to, employment applications, performance evaluations, pension or retirement information, insurance records, medical records, documents reflecting promotions, salary increases, reports, interoffice memoranda, or any other information referring or relating to FRANK ROBERTS'S work history with Defendant.

RESPONSE:

18. Provide copies of all Defendant's employee handbook(s) and personnel manual(s), in effect from January 1, 2013 to the present.

RESPONSE:

19. Provide copies of all of Defendant's tables of organization or organizational structure, as they existed at any time between January 1, 2013 and the present.

RESPONSE:

20. Provide a copy of all documents describing any and all of Defendant's policies or practices which have been in effect at any time since January 1, 2013 relating to the payment of overtime wages.

RESPONSE:

21. Provide a copy of all documents describing any and all of Defendant's policies or practices in effect from January 1, 2013, relating to discipline of employees, including but not limited to: suspension; oral warnings; written warnings or probation/job in jeopardy.

RESPONSE:

22. Provide all documents which overtime wages paid to any employee of Defendant, at the facility where Plaintiff was employed.

RESPONSE:

23. Provide a copy of all documents describing any and all of the Defendant's policies or practices which have been in effect at any time since January 1, 2013, relating to training of managers, managerial employees, or supervisors concerning discrimination.

RESPONSE:

24. Provide copies of all of Defendant's policies or practices regarding internal grievance procedures of Defendant for complaints of discrimination, including but not limited to (name of policy), which were in effect from January 1, 2013 to the present.

RESPONSE:

25. Provide a copy of all documents relating to in any way to the decision of Defendant to terminate the employment of Plaintiff.

RESPONSE:

26. Provide all contracts of employment between Defendant and Plaintiff.

RESPONSE:

27. Provide all documents which refer or relate in any way to the age, date of birth or any physical characteristic, habit or personality of Plaintiff.

RESPONSE:

28. Provide all statements adopted by, or made on behalf of Plaintiff.

RESPONSE:

29. Provide all photographs, negatives, slides, videotapes, movies or other graphic representation which in any way depict or portray Plaintiff.

RESPONSE:

30. Provide all documents including but not limited to all notes, job advertisements, drafts of job advertisements, internal memoranda, calendar notations or follow-up documentation relating to job advertisements or internal job postings for any (plaintiff's position) from January 1, 2013 to the present.

RESPONSE:

31. For each candidate hired by Defendant in the position of (plaintiff's position) from January 2013 to the present, provide the following:

(A) All applications, resumes, letters of inquiry, and cover letters of all applicants for each such position;
(B) All documents prepared by or considered by any employee, hiring official or agent of Defendant relating to the application for employment including all notes of

employment interviews;

(C)    All documents prepared by or considered by any employee, hiring official or agent of Defendant relating to the decision to hire or to not hire the applicant for employment including interview notes, notes of reference checks or relating to qualifications;

(D)    All documents relating to the race of any applicant for employment;

(E)    All letters of confirmation or rejection relating to the hiring decision.

32.    Provide all documents that relate to the "(plaintiff's position) Certification Process" and any requirements for that certification process.

RESPONSE:

33.  A copy of each time record kept by the defendant regarding the plaintiff.

RESPONSE:

34.    If Defendant asserts that Plaintiff is not due pre-judgment interest provide all documents relied upon to support its contention.

RESPONSE:

35.    If Defendant asserts that Plaintiff is not due compensatory damages provide all documents relied upon to support its contention.

RESPONSE:

36.    If the Defendant asserts that Plaintiff is not due punitive damages provide all documents relied upon to support its contention.

RESPONSE:

37.  Provide copies of all insurance policies, and all riders and attachments thereto maintained or previously maintained by the Defendant, or any agents of Defendant, that provide coverage or arguably provide coverage for the claims of Plaintiff.

RESPONSE:

38.    Provide all documents, including but not limited to all notes, internal memoranda, calendar notations, or correspondence to or from Defendant to or from any insurance carrier, insurance broker or agent of any insurance carrier relating to any claim or alleged injury of Plaintiff.

RESPONSE:

39.    Provide all financial statements, including all audited financial statements, of Defendant, prepared or used at any time from January 1, 2013 to the present, as well as all audit related documents describing Defendant's outstanding potential litigation liabilities.

RESPONSE:

40.    Provide Defendant's tax returns for all years encompassing any part of the calendar years 2013, 2014, and 2015.

RESPONSE:

41.  Provide Defendant's annual reports for all years encompassing any part of the calendar years 2013, 2014, 2015.

RESPONSE:

42.    For the period January 1, 2013 to the present, provide any and all profit and loss statements of Defendant.

RESPONSE:

43.    For the period January 1, 2013 to the present, provide all documents reflecting the net worth of Defendant.

RESPONSE:

44.  Provide all exhibits, demonstrative and documentary, which will be offered into the record at trial by Defendant.

RESPONSE:

45.   A copy of each pay record that shows Plaintiff was paid any overtime for work performed by Plaintiff for defendant.

RESPONSE:

46.  All documents that reflect that Defendant complied with the overtime laws for the state of Texas.

RESPONSE:

47. All documents that reflect that Defendant complied with the overtime laws for the United States Goverment.

RESPONSE:

48. All documents that reflect that Defendant is not entitled to overtime pay.

RESPONSE:

49. Provide a copy of all paychecks paid to plaintiff during her period of employment with defendant.

RESPONSE:

50. A copy of all documents that reflect the W-2 forms for plaintiff during her period of employment with defendant.

RESPONSE:

51. Each and every document which would tend to support Defendant's assertion that it had reasonable ground to believe that its failure to pay the overtime was not a violation of the Fair Labor Standards Act of 1938 as amended.

RESPONSE:


                    Respectfully submitted,

                    /s/ *Bob Whitehurst*

                    Bob Whitehurst
                    5380 Old Bullard Road, Suite 600, #363
                    Tyler, Texas 75703
                    (903)593-5588
                    State Bar #21358100

CV1613669

Nacogdoches County - County Clerk

Filed 1/29/2016 3:30:15 PM
June Clifton
County Clerk
Nacogdoches County, TX

Geovanna Reyes

CAUSE NO. CV1613669

| | | |
|---|---|---|
| FRANK ROBERTS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| SUBURBAN PROPANE, L.P. | § | NACOGDOCHES COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE

To: SUBURBAN PROPANE, who may be served with process by and through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described below:

(a) the correct names of the parties of this lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general the factual bases of the responding party's claims or defenses;

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert;

    (1) the expert's name, address, and telephone number;

    (2) the subject matter on which the expert will testify;

    (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

    (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by, or for the expert in anticipation of

the expert's testimony; and

(B) the expert's current resume and bibliography

(g) any indemnity and insuring agreements described in Rule 192.3(f);

(h) any settlement agreements described in Rule 192.3(g)

(i) any witness statements described in Rule 192.3(h); and

(j) the contentions of said party as described in Rule 192.3(j).

In accordance with Rule 194.4 of the Texas Rules of Civil Procedure, you must serve copies of the responsive documents and tangible things with your response or, if voluminous, state a reasonable time and place for the production of same.

Respectfully submitted,

/s / *Bob Whitehurst*

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
State Bar #21358100

CV1613669

Nacogdoches County - County Clerk

Filed 1/29/2016 3:30:15 PM
June Clifton
County Clerk
Nacogdoches County, TX

Geovanna Reyes

## CAUSE NO. CV1613669

| | | |
|---|---|---|
| **FRANK ROBERTS** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **SUBURBAN PROPANE, L.P.** | § | **NACOGDOCHES  COUNTY, TEXAS** |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

To: SUBURBAN PROPANE, who may be served with process by and through its registered
agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA

COMES NOW Plaintiff FRANK ROBERTS ("Plaintiff"), and submits the following
interrogatories to be answered separately and fully, in writing and under oath, in not less than
FIFTY (50) days after these interrogatories are served on Defendant.  Plaintiff further requests
that Defendant supplement its answers to these interrogatories, as required by the Texas Rules of
Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS FOR INTERROGATORIES

Plaintiff requests that (Defendant), by any of its officers or agents competent to testify on

its behalf and who know the facts about which inquiry is made, answer each Interrogatory

separately, and fully in writing, under oath.

Defendant's Answers to the following Interrogatories shall be responsive through the date

upon which the Answers to these Interrogatories are served upon Plaintiff and shall be continuing

in nature and require Defendant to seasonably supplement or amend its Answers thereto in

accordance with the Texas Rules of Civil Procedure.  Please take notice that a sworn copy of

such Answers must be served upon the undersigned counsel within fifty (50) days after the

service of these Interrogatories.

Except where otherwise indicated, each Interrogatory shall be deemed to be addressed to

Defendant, and answers shall reflect the cumulative knowledge of Defendant, its principals,

agents, representatives or attorneys.

Plaintiff seeks to ascertain facts, whether known by Defendant to exist, or believed by Defendant to exist, which would support the claims of Plaintiff or the answers to any and all defenses that may be raised by Defendant.

Whenever the answer to any given Interrogatory will reflect facts as to which Defendant has no direct knowledge but which Defendant believes can be established by testimony or other documents, then Plaintiff requires that Defendant set forth each fact which leads Defendant to that belief.

Any Interrogatory which cannot be answered in full by Defendant shall be answered to the extent it is possible for the Defendant to do so, and the reasons for the incomplete answer shall be set forth.

If any privilege or exclusion is used or claimed by Defendant to limit an answer or justify a refusal to answer, the privilege and the grounds therefore shall be stated in the answer or objection.

For the purposes of these Interrogatories, the following definitions apply:

A. "Identify" when relating to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination and shall include, without limitation, his or her full name, race, present or last known home address, present or last known home telephone number, present or last known business affiliation and address, business telephone number, title and occupation.

B. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing, including but not limited to the name of the

document, its location, the name and title of its custodian, the date it was written, the author of the document and the name and job title of the person to whom it was addressed, its length, and a synopsis of its contents, so as to have identified it with reasonable particularity for the purpose of a request for documents under the Texas Rules of Civil Procedure.

C. "Identify" when referring to an organization, corporation or business entity means to provide an identification sufficient to notice a deposition of any representative of that entity identified in response to any Interrogatory herein and to serve such representative of that entity with process to require his or her attendance at a place of examination and shall include, without limitation, the full name of the entity, its present or last known address, present or last known telephone number, and a description of its business or organizational purpose.

D. As used in these interrogatories, "you" or "Defendant" refers to Suburban Propane, or all of its predecessor or successor companies and to each person who, with respect to the subject matter of the interrogatory, was or is acting on its behalf, including any employees, consultants, experts, investigators, agents or other persons acting on its behalf.

E. As used in these interrogatories, "person" shall mean and include a natural person, political subdivision, individual, partnership, firm, corporation, or any kind of business, or legal entity, its agents or employees.

F. As used in these interrogatories, "employee" shall mean any person employed by Defendant in a managerial, supervisory or non-supervisory position.

G. As used in these interrogatories, "relate to" shall mean refers or pertains to, reflects, is in any way logically or factually connected with or may afford any information regarding or concerning the matters discussed.

H. The term "Causes of Action in Question" refers to the causes of action alleged in

Plaintiff's Original Complaint.

I.     The conjunction "or" as used in these Interrogatories should not be read to limit

part of the Interrogatory, but, whenever applicable, it should have the same meaning as the word

"and".

J.     Definition of the terms: "document"; "personnel file"; and "human resources

department" as defined in the Plaintiff's First Request for Production of Documents, are

incorporated by reference to these interrogatories.

## INTERROGATORIES

1.     Identify any and all consulting witnesses whom Defendant contacted, contracted
with, and/or hired in regard to testifying with respect to any allegation at issue in this lawsuit and
for each expert so identified provide the opinions to which the consulting expert witness is
expected to have knowledge of.

ANSWER:

2.     Identify and fully describe any and all of Defendant's policies and practices
relating to overtime compensation and the employees charged with the duty or responsibility of
administering such policies and practices, including grievance procedures for reporting and
resolving complaints regarding overtime compensation, which have been in effect at any time
since January 1, 2013 to present.

ANSWER:

3.     Describe any and all incidents known to any employee of the Defendant wherein
any employee of Defendant participated in the failure to pay overtime compensation.

ANSWER:

4.     Describe all complaints and charges of failure to pay overtime compensation by
(Defendant). Such description should include the name of the party bringing such complaint, the
party complained about, the individual to whom the complaint was directed, and the resolution or
current status of such complaint.

ANSWER:

5.       Describe each instance wherein an investigation was conducted by any employee of Defendant into the complaints or charges of failure to pay overtime compensation identified in response to Interrogatory No. 4. Such description should include the identity of the person who conducted the investigation, the date of the investigation, each person contacted during the investigation, all information provided by each person contacted during the investigation, and the result of such investigation, including discipline resulting from the investigation.

ANSWER:

6.       Fully describe all lawsuits brought against Defendant or any employee, alleging failure to pay overtime compensation in employment, including the name of the party or parties bringing such suit, the court in which the suit was brought, and the current status of such suit, including any settlement agreements.

ANSWER:

7.       Describe all incidents wherein Plaintiff received warnings, reprimands and discipline, written or oral, due to his work performance or conduct and including any written evaluations, warnings and reprimands relating to his performance at any time from his initial employment until the present.

ANSWER:

8.       Identify all reasons asserted for failure to pay Plaintiff overtime wages.

ANSWER:

9.       State all conversations that Defendant had with Plaintiff regarding the failure to pay overtime wages to Plaintiff.

ANSWER:

10.      Identify all documents that would reflect that Plaintiff was not entitled to overtime wages.

ANSWER:

11.     Identify all individuals who had knowledge of the fact that employees were not entitled to overtime wages for working off the clock, at the facility where Plaintiff was employed by defendant.

ANSWER:


12.     Describe any and all actions taken by defendant to comply with the Fair Labor Standards Act.

ANSWER:


13.     Describe all policies, practices and procedures of Defendant, or of the region which employs Plaintiff, which relate to the payment of overtime wages.

ANSWER:


14.     Describe all policies, practices and procedures of Defendant, or of the region which employs Plaintiff, which relate to the cessation or suspension of an internal investigation or complaint as a result of the filing of a charge of discrimination or lawsuit on the issues raised in the investigation or complaint.

ANSWER:


15.     State the number of hours that Plaintiff worked each day while employed by Defendant.

ANSWER:


16.     State the weeks that Plaintiff worked overtime while employed by Defendant.

ANSWER:


16.     Describe the job duties of Plaintiff while employed by Defendant.

ANSWER:

17.     Describe the amount of time Plaintiff spent performing her job duties as referred to in No. 16 above.

ANSWER:


18.     Describe the job duties for which Plaintiff was hired by Defendant.

ANSWER:


19.     State the name of the human resource person that was employed by defendant at plaintiff's place of employment by defendant.

ANSWER:


20.     Identify the employees that received overtime while employed by Defendant from January 1, 2013 to present, including their names, addresses, and phone numbers.

ANSWER:


21.     State the net worth of defendant.


ANSWER:


22.     For the period January 1, 2013 to the present, provide a detailed description of all benefits available for Plaintiff, including, but not limited to: the amount of wages and raises paid, bonuses, premium pay, overtime pay, awards, severance pay and a description of all company benefits including but not limited to employer-owned car, medical benefits, insurance benefits, group insurance rates, pension plans, profit sharing plans, vacation pay, sick pay, disability pay, disability leave, disability insurance.

ANSWER:


23.     State the amount of pay Plaintiff would have received if Plaintiff had continued his employment with Defendant for two years after the date of Plaintiff's termination.

ANSWER:

24.     Please identify all persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to the claims, defenses, or allegations in this lawsuit.  You are asked to disclose any such person, even if the person does not have personal knowledge.

ANSWER:


25.     For every person you have identified in answer to the preceding interrogatory, state the basis for, and substance of, the relevant knowledge you believe the person has or may have.

ANSWER:


                    RESPECTFULLY SUBMITTED,

                    /s/ Bob Whitehurst
                    BOB WHITEHURST
                    Counsel for Plaintiff
                    FRANK ROBERTS
                    5380 Old Bullard Road, Suite 600, #363
                    Tyler, Texas 75703
                    903/593-5588
                    St. Bar No. 21358100